NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

      Plaintiff-Appellee,

  v.

ANSHUMAN NADKARNI AND RENUKA
NADKARNI,

      Defendants-Appellants.

No. 20-15947

D.C. No. 3:19-cv-01302-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Argued and Submitted March 17, 2021
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[**] District
Judge.

      Anshuman and Renuka Nadkarni appeal from the district court's summary

judgment declaring that Government Employees Insurance Company ("GEICO")

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

had no duty to defend or indemnify the Nadkarnis and awarding GEICO reimbursement of defense costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2017, the Nadkarnis purchased a property in San Francisco. On March 13, 2018, the Nadkarnis sent notice to their month-to-month tenants, the Venegases, that they were terminating the tenancy to move into the unit themselves. Though the Nadkarnis gave the Venegases until May 12, 2018 to vacate, the Venegases and Nadkarnis agreed to end the tenancy at the end of April so the Venegases could avoid paying rent in May.[1] The Venegases vacated the unit no later than April 29, 2018, and the Nadkarnis took possession on May 1, 2018, at the latest.

After completing the eviction, the Nadkarnis purchased an insurance policy from GEICO that insured against wrongful evictions. The policy applied only to "personal injury," defined to include "injury arising out of . . . wrongful eviction," "during the time this policy is in force"— May 8, 2018 to May 8, 2019. In November 2018, the Venegases sued the Nadkarnis for wrongful eviction after discovering that the Nadkarnis were not residing in the unit as stated in the eviction notice. GEICO defended under a reservation of rights and filed this action, asserting that the "personal injury" occurred before the start of the policy period.

---

[1] The Nadkarnis dispute that the tenancy was terminated at the end of April but viewing the evidence in the light most favorable to the Nadkarnis there is no genuine dispute of material fact on this point.

The district court agreed and granted summary judgment in GEICO's favor, which we review de novo. *Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019).

Under California law, which governs, *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001), "'[b]ecause the interpretation of an insurance policy is a question of law, this Court must make its own independent determination of the meaning of the relevant contract language.'" *Universal Cable Prods., LLC*, 929 F.3d at 1151 (quoting *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir. 2002)). "To determine whether the duty to defend is present, a court 'compar[es] the allegations of the third party complaint with the terms of the policy.'" *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 983 (9th Cir. 2002) (quoting *El-Com Hardware, Inc. v. Fireman's Fund Ins. Co.*, 111 Cal. Rptr. 2d 670, 675 (Ct. App. 2001)). Where there is no duty to defend, there is no duty to indemnify. *Certain Underwriters at Lloyd's of London v. Superior Court*, 16 P.3d 94, 102 (Cal. 2001) (citing *Buss v. Superior Court*, 939 P.2d 766, 773 n.10 (Cal. 1997)).

Here, the policy unambiguously provided coverage only if the "personal injury" occurred during the policy period of May 8, 2018 to May 8, 2019. The personal injury inflicted on the Venegases, however, occurred before the policy period. The Venegases moved out of the unit and lost any right to possess it on

May 1, 2018 at the latest. Because the injury arising out of wrongful eviction was complete before the policy period began, GEICO owed no duty to defend or indemnify and was entitled to reimbursement of defense costs.

The Nadkarnis contend that the eviction was legal at the time they completed it and could not have become unlawful under the San Francisco Rent Ordinance until, at the earliest, three months later, when the Nadkarnis failed to move into the unit. But by the time the eviction was complete, there was already evidence of the Nadkarnis' improper motive for eviction. Moreover, the Nadkarnis' argument misreads the Ordinance, which prohibits "endeavor[ing] to recover possession of a rental unit unless" an approved reason applies, one of which is when the landlord wishes to reside in the unit. S.F. Admin. Code § 37.9(a)(8). The landlord's failure to move in within three months of taking possession is merely "[e]vidence that the landlord has not acted in good faith." *Id.* § 37.9(a)(8)(v); *cf. Swain v. Cal. Ins. Co.*, 99 Cal. App. 4th 1, 9 (2002) (rejecting argument that under similar ordinance, eviction "only became illegal after the fact when the [landlords] failed to move into the premises themselves"). Thus, the eviction was wrongful at the time it was complete on May 1, 2018, and the Nadkarnis' later failure to timely move into the unit was merely one more piece of evidence of their wrongful intent.

**AFFIRMED.**